UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

R.N.,

      Petitioner,

        v.

SAM OLSON, MARKWAYNE MULLIN,
TODD M. LYONS, TODD BLANCHE,
BRIAN ENGLISH,

      Respondents.

CAUSE NO. 3:26-CV-715-CCB-SJF

## <u>OPINION AND ORDER</u>

Immigration detainee R.N., by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondents have answered the petition, and R.N. has filed a reply. ECF 7, ECF 10. The petition is ready to be decided.

<u>BACKGROUND</u>

R.N. is a citizen and national of Iraq. ECF 1-4 at 1. He entered the United States as a refugee in 2011 at the age of 16. *Id.* He became a lawful permanent resident in 2012. *Id.* R.N. has an extensive criminal history, including a 2014 conviction for identity theft, a 2014 conviction for forgery, a 2015 conviction for possession of a controlled substance, a 2016 conviction for possession of cocaine, a 2016 conviction for trespassing, a 2018 conviction for driving under the influence, a 2022 conviction for possession of a weapon, and a 2022 conviction for aggravated assault with a weapon. *Id.* at 8-10. In

2022, R.N. was convicted of home invasion with a firearm, which led to removal proceedings being instituted against him.

On January 28, 2025, R.N. was arrested and detained pursuant to a warrant by ICE officers outside his home and issued a Notice to Appear, charging him with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for being convicted of an aggravated felony based on the home invasion conviction. ECF 1-2 at 2-6, 8. He was ordered removed to Iraq on September 24, 2025, but was granted deferral of removal to Iraq. ECF 7-1 at 12-15. R.N. waived appeal. *Id.* at 15.

R.N. filed this habeas petition in May 2026, after eight months of detention following his final removal order, arguing his continued detention was unlawful because his deferral order prevented his removal to Iraq and ICE had not identified a third country that was willing to accept him for removal.

In answering the petition, respondents assert that R.N.'s removal is reasonably foreseeable because ICE Enforcement and Removal Operations (ERO) is actively working to find a country that will accept R.N. for removal. Respondents provide a declaration from a deportation officer, detailing the steps that have been taken to effectuate R.N.'s removal. ECF 7-2. ICE ERO contacted the Headquarters Removal and International Operations (HQ RIO) division concerning third country removal on September 24, 2025, and then contacted the United States Department of State for assistance with third country removal on December 1, 2025. *Id.* at 2-3. ICE ERO contacted HQ RIO about a third country removal again on January 22, 2026, and

2

February 28, 2026. *Id.* at 4. ICE ERO is continuing to investigate third country removal options for R.N. *Id.*

ERO conducted a 90-day post order custody review on April 16, 2026, and decided to continue R.N.'s detention. ECF 7-2 at 4. On May 29, 2026, ERO informed R.N. of an upcoming 180-day review and advised him he could submit evidence in support of his release. *Id.*

In reply, R.N. argues the government has not established his removal is reasonably foreseeable. In particular, he notes that he has not been asked to complete any paperwork or meet with consular officials from any third country. In the nine months since his deferral of removal was granted, he continues, ICE ERO has not provided evidence of a response from HQ RIO or the Department of State, despite repeated requests for assistance regarding third country removal.

<u>SUBJECT MATTER JURISDICTION</u>

The respondents first argue that the court lacks subject matter jurisdiction over R.N.'s habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026 (Leichty, J.) (discussing § 1252(g) and § 1252(b)(9)); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

3

MERITS

Regarding the merits of the petition, the respondents first argue that R.N.'s detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which for R.N. ended on December 23, 2025, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien

---

[1] The removal period spans 90 days and begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1). Because R.N. waived his right to appeal, his removal order became administratively final when the removal order was entered on September 24, 2025. *See* 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1(b).

4

provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because R.N. has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

R.N. has established good reason to believe that his removal is not reasonably foreseeable—namely that he has been granted deferral of removal to Iraq and ICE has made no progress in identifying a third country for removal. Respondents have not rebutted this showing. Their response shows that ICE is making efforts towards finding a third country for R.N.'s removal, but now, more than nine months into detention, no concrete progress has been made. Nor have respondents provided any hope that a third country might agree to accept R.N. Consequently, the court finds that respondents have not adequately demonstrated that R.N.'s removal is reasonably foreseeable. Therefore, respondents must release him, though removal efforts may continue after his release.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and ORDERS the respondent to release R.N. on appropriate conditions of supervised release and to certify compliance with this order by filing a notice with the court by **July 6, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on July 2, 2026.

5

/s/ *Cristal C. Brisco*

CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT